1
2
3
4
5 UNITED STATES DISTRICT COURT
6 NORTHERN DISTRICT OF CALIFORNIA
7
8 RON ROBERT STABLER,                          No. C-13-4641 EMC (pr)
9          Petitioner,
10    v.                                       **ORDER TO SHOW CAUSE**
11 G. D. LEWIS, Warden,
12          Respondent.
13 _____/
14
15              **I.   INTRODUCTION**
16        Ron Robert Stabler, an inmate at Pelican Bay State Prison, filed this *pro se* action for a writ
17 of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is now before the Court for review
18 pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases In The United
19 States District Courts.
20              **II.   BACKGROUND**
21        Stabler alleges in his petition that he is serving a sentence of 18 years in prison following his
22 conviction in 2003 in Los Angeles County Superior Court for involuntary manslaughter and
23 possession of a firearm.  In this action, he challenges the execution of his sentence.  He contends that
24 the application of California Penal Code § 2933.6, as amended effective January 25, 2010, to
25 calculate his time credits violated his constitutional rights.  He contends that the application of the
26 amended version of § 2933.6 to him resulted in his minimum release date being extended from July
27 30, 2018 to September 5, 2019.
28

United States District Court

For the Northern District of California

1    Stabler alleges that he filed petitions for writ of habeas corpus in the California courts raising

2  the same issues as raised in this petition.  The California Supreme Court denied his petition on

3  December 12, 2012.  Stabler then filed this action.

### III.    DISCUSSION

5    This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

6  custody pursuant to the judgment of a State court only on the ground that he is in custody in

7  violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A

8  district court considering an application for a writ of habeas corpus shall "award the writ or issue an

9  order directing the respondent to show cause why the writ should not be granted, unless it appears

10  from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

11  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory,

12  palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th

13  Cir. 1990).

14    In his petition, Stabler contends that the application of the amended version of California

15  Penal Code § 2933.6 violated his right to be free of ex post facto laws because it caused his release

16  date to be extended beyond that which it would have been under the law as it existed when he was

17  committed.[1]  The Ex Post Facto Clause, U.S. Const., Art. I, § 10, cl. 1, forbids the states from

18  statutorily cancelling time credits and making ineligible for early release any prisoner who was

19  previously eligible.  *See Lynce v. Mathis*, 519 U.S. 433, 446-49 (1997) (retroactive cancellation of

20  prison credits had impermissible effect of lengthening period of incarceration in violation of Ex Post

---

[1] Although Petitioner does mention California Penal Code § 2933.6, he also repeatedly refers to the relevant law as "SBX3-18."  That reference is to Senate Bill No. 18, which can be found at Chapter 28 of the 2009-2010 Third Extraordinary Session of the California Legislature, *see* Cal. Stats. 2009-2010, 3d Ex.Sess., ch. 28.  Senate Bill No. 18 amends many sections of the California Penal Code, as well as sections of the California Business and Professions Code, California Financial Code, California Military and Veterans Code, California Public Resources Code, California Vehicle Code, and California Welfare and Institutions Code.  Notwithstanding Petitioner's references to SBX3-18, the Court assumes that the only statutory amendment actually at issue here is the amendment to California Penal Code § 2933.6.  If Petitioner intends to challenge the application to him of any other amended statute besides § 2933.6, he must specify which other amended statutes were applied to him in violation of his constitutional rights.

2

1   Facto Clause).  Liberally construed, the petition states a cognizable claim for a violation of the Ex

2   Post Facto Clause.

3       Stabler also contends that the application of California Penal Code § 2933.6 to him breached

4   his plea agreement and violated his right to due process because an "18 year sentence with good

5   conduct credit earning of 15% under [California Penal Code] § 667.1 was part of the agreement at

6   the time the judge accepted the plea."  Docket # 1 at 15.  Liberally construed, the petition presents a

7   cognizable due process claim for a breach of the plea agreement.  *See Santobello v. New York*, 404

8   U.S. 257, 262 (1971)("when a plea rests in any significant degree on a promise or agreement of the

9   prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must

10  be fulfilled.")

11      Stabler further contends that he was denied his right to procedural due process because he

12  did not receive an adequate hearing before his time credits were lost under California Penal Code §

13  2933.6 for the "misconduct" of being a gang affiliate.  *See* Docket # 1 at 12-13.  Giving the *pro se*

14  petition the liberal construction to which it is entitled, the Court cannot say that this claim is clearly

15  meritless.  This claim may proceed.

16      Stabler also contends that the application of § 2933.6 to him violated his right to equal

17  protection and right to be free from double jeopardy.  Even with liberal construction, the facts

18  alleged in the petition do not state a claim for a violation of the Equal Protection Clause or the

19  Double Jeopardy Clause.  These claims are dismissed.

### IV.   CONCLUSION

21  For the foregoing reasons,

22      1.      The petition warrants a response.

23      2.      The Clerk shall serve a copy of this order, the petition and all attachments thereto

24  upon Respondent and Respondent's attorney, the Attorney General of the State of California.  The

25  Clerk shall also serve a copy of this order on Petitioner.

26      3.      Respondent must file and serve upon Petitioner, on or before **February 14, 2014**, an

27  answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing

28  cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a

1   copy of all portions of the court proceedings that have been previously transcribed and that are

2   relevant to a determination of the issues presented by the petition.

3        4.        If Petitioner wishes to respond to the answer, he must do so by filing a traverse with

4   the Court and serving it on Respondent on or before **March 14, 2014**.

5        5.        Petitioner is responsible for prosecuting this case.  Petitioner must promptly keep the

6   Court informed of any change of address and must comply with the Court's orders in a timely

7   fashion.

8        6.        Petitioner is cautioned that he must include the case name and case number for this

9   case on any document he submits to the Court for consideration in this case.

10

11        IT IS SO ORDERED.

12

13   Dated:  December 20, 2013

14

15                                    _____
                                      EDWARD M. CHEN
                                      United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California