UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RON ROBERT STABLER,

   Petitioner,

  v.

G.D. LEWIS, Warden,

   Respondent.

Case No. 13-cv-4641 VC (PR)

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS: DENYING CERTIFICATE OF APPEALABILITY**

  Before the Court is the above-titled petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 by petitioner Ron Robert Stabler. Although Stabler could have filed a traverse, he has not done so.

## BACKGROUND

  In 2003, Stabler was convicted in state court of involuntary manslaughter and possession of a firearm by a felon, for which he received a sentence of eighteen years. In this petition, Stabler does not challenge his criminal conviction or his sentence, but seeks habeas relief based on the argument that the January 25, 2010 amendment to California Penal Code section 2933.6(a), which denies conduct credits for inmates who are housed in a security housing unit and are validated gang members, violates the Ex Post Facto Clause, his due process rights and resulted in a breach of his plea agreement.[1] Stabler filed a petition for a writ of habeas corpus in the California Superior Court, which issued a written denial. Resp.'s Ex. 9. The California Court of Appeal and California Supreme Court summarily rejected his petitions.

## DISCUSSION

  A federal court may entertain a habeas petition from a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28

---

[1] In its December 20, 2013 Order to Show Cause, the Court dismissed Stabler's claims for violations of his right to equal protection and his right to be free from double jeopardy.

U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, a district court may not grant habeas relief unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

Stabler's Ex Post Facto Clause claim is foreclosed by the recent Ninth Circuit decision, *Nevarez v. Barnes*, __ F.3d __, 2014 WL 1646930, *2-3 (9th Cir. Apr. 25, 2014), which affirmed the denial of habeas relief for the same Ex Post Facto claim Russell asserts in this petition. The court reasoned that, because the Supreme Court never addressed this Ex Post Facto issue, the state court's adjudication of it could not result in a decision contrary to, or an unreasonable application of, Supreme Court precedent. *Id.* at *2.

Stabler's claim that his due process rights were violated when he could not earn good time credits after the amendment of section 2933.6(a) is denied for the same reason—Stabler fails to cite any Supreme Court authority addressing this claim such that the state courts' denial of it was contrary to, or an unreasonable application of, Supreme Court precedent.

Similarly, no Supreme Court precedent addresses Stabler's claim that the amendment of section 2933.6(a) caused a breach of his plea agreement which, he alleges, provided that he could earn good conduct credits of fifteen percent. The cases Stabler cites are inapplicable. In *Santobello v. New York*, 404 U.S. 257 (1971) and *United States v. Hallam*, 472 F.2d 168, 169 (9th Cir. 1973), which are direct appeals, not habeas proceedings, the prosecutor changed the terms of a plea agreement after the defendant had carried out his part of the bargain. The cases stand for the proposition that "due respect for the integrity of plea bargains demands that once a defendant has carried out his part of the bargain the [prosecution] must fulfill its part." *Id.* (citing *Santobello*, 404 U.S. at 499). Here, the prosecution did not renege on its promise to Stabler, nor could it have been foreseen, at the time the agreement was negotiated in 2003, that the California Legislature would amend section 2933.6(a) in 2010.

2

**CONCLUSION**

For the reasons stated above, the petition for a writ of habeas corpus is DENIED. A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

Dated:   May 13, 2014

_____
VINCE CHHABRIA
United States District Judge